**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **DOUGLAS E. HADDIX,** | ) | **Case No. 5:13CV2573** |
| | ) | |
| **Petitioner,** | ) | **JUDGE JEFFREY J. HELMICK** |
| | ) | |
| **v.** | ) | **Magistrate Judge George J. Limbert** |
| | ) | |
| **TERRY A. TIBBALS[1]** | ) | |
| | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| **Respondent.** | ) | **OF MAGISTRATE JUDGE** |
| | ) | |

On November 18, 2013[2], Douglas E. Haddix ("Petitioner"), acting *pro se*, executed a petition for a writ of federal habeas corpus in this Court pursuant to 28 U.S.C. § 2254. ECF Dkt. #1. Petitioner seeks relief from convictions entered by the Stark County Court of Common Pleas, Ohio for two counts of rape in violation of Ohio Revised Code ("ORC") § 2907.02, one count of felonious sexual penetration in violation of ORC § 2907.12, and one count of gross sexual imposition in violation of ORC. § 2907.05.

With leave of the Court, on April 18, 2014, then Respondent, Christopher LaRose ("Respondent"), Warden at Trumbull Correctional Institution, filed a motion to dismiss Petitioner's § 2254 petition. ECF Dkt. #8. With leave of the Court, Petitioner filed a response to the motion to dismiss on August 18, 2014. ECF Dkt. #14. No reply brief was filed. For the following reasons,

---

[1]Petitioner is currently housed at London Correctional Institution, where Terry A. Tibbals is the warden. *See* www.drc.ohio.gov "[T]he default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ." *Rumsfeld v. Padilla,* 542 U.S. 426, 435 (2004). Accordingly, the Petition should be amended to name Terry Tibbals as respondent. Petitioner filed notice of his change of address on November 10, 2014. ECF Dkt. #15.

[2]The filing date for a petition from an incarcerated *pro se* petitioner is the date the petition was handed over to the prison mail system, not the date it was received and docketed by the federal habeas court. *Houston v. Lack*, 487 U.S. 266, 270-72, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

the undersigned recommends that the Court DISMISS the instant petition, in its entirety, with prejudice:

## I.    PROCEDURAL BACKGROUND

### A.    State Trial Court

Petitioner was indicted in the Term of January, 1995 by the Stark County Court of Common Pleas grand jury on three counts of rape in violation of O.R.C. § 2907.02, one count of felonious sexual penetration in violation of O.R.C. 2907.12, one count of gross sexual imposition in violation of O.R.C. §2907.05; and one count of endangering children in violation of O.R.C. §2919.22(B). ECF Dkt .#8-1 at Exhibit 1. Petitioner pleaded not guilty to all the charges in the Indictment. *Id.* at Exhibit 2.

The case proceeded to trial where jury returned verdicts of guilty on two of the rape charges (Counts Two and Three), the felonious sexual penetration charge, and the gross sexual imposition charge. *Id.* at Exhibits 15 and 16. Petitioner was acquitted of one of the rape charges (Count One) by the jury, and his motion for acquittal pursuant to Crim. R. 29 was granted with respect to the charge of endangering children. *Id.* at Exhibits 13 and 14.

Petitioner was sentenced to an indeterminate term of not less than ten years and not more than twenty-five years on each rape conviction, to be served concurrently, an indeterminate term of not less than five years and not more than twenty-five years on the felonious sexual penetration conviction, to be served consecutively to the concurrent sentences imposed on the rape convictions, and two years on the gross sexual imposition conviction, to be served consecutively to the sentences imposed on the rape and sexual penetration convictions. *Id.* at Exhibit 16.

### B.    Direct Appeal

On May 16, 1995, Petitioner, through counsel, filed a notice of appeal to the Fifth District Court of Appeals. *Id.* at Exhibit 17. Petitioner raised the following assignments of error in his appellate brief:

> 1. THE TRIAL COURT ERRED BY CONDUCTING AN 807 HEARING DURING TRIAL AND THEREAFTER PERMITTING THE STATE TO OFFER HEARSAY EVIDENCE AGAINST THE APPELLANT DURING HIS TRIAL IN THIS MATTER.

2. APPELLANT WAS PREJUDICIALLY DEPRIVED OF HIS UNITED STATES AND OHIO CONSTITUTIONAL RIGHTS TO A FAIR TRIAL DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL.

3. THE TRIAL COURT ERRED IN NOT GRANTING THE APPELLANT'S MOTION FOR ACQUITTAL, IN THAT THE EVIDENCE WAS INSUFFICIENT TO SUPPORT A CONVICTION AND THE JURY'S VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

4. THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT TO CONSECUTIVE COUNTS OF INCARCERATION, IN VIOLATION OF O.R.C. 2941.25.

5. OTHER ERRORS WERE COMMITTED AT TRIAL NOT RAISED HEREIN BUT APPARENT ON THE RECORD.

*Id.* at Exhibit 18. The State filed its brief on February 14, 1996. *Id.* at Exhibit 19. On June 3, 1996, the Court of Appeals issued an opinion overruling each assignment of error and affirming the judgment of the trial court. *Id.* at Exhibit 20. On August 29, 1996, Petitioner filed a *pro se* motion for delayed reconsideration. *Id.* at Exhibit 21. The Fifth District Court of Appeals issued a judgment entry overruling the motion on October 3, 1996. *Id.* at Exhibit 22.

### C.   Supreme Court of Ohio

Three years later, on March 18, 1999, Petitioner filed a *pro se* notice of appeal and motion for delayed appeal to the Ohio Supreme Court on March 18, 1999. *Id.* at Exhibit 23, Case No. 99-610. On June 1, 1999, the Ohio Supreme Court denied the motion for delayed appeal and the appeal was dismissed. *Id.* at Exhibit 24.

### D.   State Post-Conviction Petition

In the meantime, on February 24, 1997, Petitioner filed a *pro se* motion to vacate and set aside his sentence. *Id.* at Exhibit 25, Case No. 1997MI00027. The State filed a response to Petitioner's motion arguing that the petition was untimely pursuant to Ohio R.C. 2953.21, effective July 1, 1996, and that his request for resentencing based upon a change in the law was non-meritorious. *Id.* at Exhibit 26. The State further asserted that the petition should be summarily dismissed and summary judgment should be granted. On February 26, 1997, the trial court denied Petitioner's motion to vacate his sentence imposed under 2907.12 (repealed effective September 3, 1996), and to be resentenced under 2902.02 (effective July 1, 1996) , because "Senate Bill 2 [sic] nor any other statute under the Revised Code provides for such relief." *Id.* at Exhibit 27.

-3-

On March 11, 1997, Petitioner filed a *pro se* notice of appeal from the denial of his motion to vacate. *Id.* at Exhibit 28, Case No. 1997CA0084. In his brief, he presented the following assignment of error:

> APPELLANT-DEFENDANT WAS VIOLATED OF HIS RIGHT TO DUE PROCESS WHEN THE TRIAL GRANTED THE MOTION OF APPELLEE-PLAINTIFF WITHOUT GIVING HIM ANY OPPORTUNITY TO RESPOND GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

*Id.* at Exhibit 29. The State filed its brief on May 20, 1997. *Id.* at Exhibit 30. Petitioner filed his reply brief on June 6, 1997. *Id.* at Exhibit 31. On October 6, 1997, the Court of Appeals sustained Petitioner's sole assignment of error and remanded the case to the trial court to reopen the case and allow Petitioner to file a response to the State's motion for summary judgment. *Id.* at Exhibit 32.

On December 8, 1997, Petitioner filed an amended post-conviction petition and a response to the State's motion for summary judgment. *Id.* at Exhibits 33 and 34. The State filed a response to Petitioner's motion on March 3, 1998. *Id.* at Exhibit 35. Petitioner filed a response to the State's motion. *Id.* at Exhibit 36. On March 19, 1998, the Court issued a judgment entry denying both the original and the amended post-conviction petitions as untimely[3], and as lacking any merit with respect to the original claim.  The Court further held that the petition was improperly amended to present a Confrontation Clause claim, and, in the alternative, that the amended claim was barred by *res judicata*.  *Id.* at Exhibit 37.

Petitioner then filed a timely *pro se* appeal to the Fifth District Court of Appeals, Stark County, on April 10, 1998. *Id.* at Exhibit 38, Case No. 1998CA96. In his brief, he presented the following assignments of error:

> 1. THE TRIAL COURT COMMITTED ERROR IN SUMMARY DISMISSAL OF THE PETITION BY THE DOCTRINE OF RES JUDICATA DENYING THE

---

[3]Pursuant to R.C. 2953.21, effective July 1, 1996: "(2) A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." The State, however, argued that Petitioner's time expired on September 21, 1996 because, for defendants sentenced prior to the date of enactment (September 21, 1995), the time limit was one year from the date of enactment of the new section.

-4-

APPELLANT HIS DUE PROCESS RIGHTS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

2. THE TRIAL COURT ERRED GRANTING SUMMARY JUDGMENT TO THE STATE OF OHIO ON THE MERITS THAT WAS INAPPROPRIATE AS A MATTER OF LAW VIOLATING THE APPELLANT OF HIS DUE PROCESS RIGHTS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

3. THE TRIAL COURT VIOLATED THE DUE PROCESS RIGHTS OF THE APPELLANT IN DISMISSAL OF HIS REQUEST TO ABROGATE HIS REPEALED SENTENCE UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

*Id.* at Exhibit 39. The State filed its brief on July 15, 1998. *Id.* at Exhibit 40. Petitioner filed a reply brief. *Id.* at Exhibit 41. The Court of Appeals issued an opinion on September 28, 1998 affirming the judgment of the trial court and holding only that the petition was untimely. The Court concluded that Petitioner had not challenged the finding that his petition was untimely in his first appeal or in his second.  *Id.* at Exhibit 42.

Petitioner then filed a timely notice of appeal to the Ohio Supreme Court on October 29, 1998, Case No. 1998-2279. The case was *sua sponte* dismissed on January 20, 1999.

### E.      Civil Rule 60(B) motion

On June 21, 1999, Petitioner filed a Civil Rule 60(B) Motion for Relief From Judgment.  *Id.* at Exhibit 44. The Court summarily denied the motion on June 29, 1999, citing as authority R.C. 2953.22)(J).[4]  *Id.* at Exhibit 45.

---

[4]The trial court is likely referring to Ohio R.C. 2953.21(J) which reads:

(J) Subject to the appeal of a sentence for a felony that is authorized by section 2953.08 of the Revised Code, the remedy set forth in this section is the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case or the validity of an adjudication of a child as a delinquent child for the commission of an act that would be a criminal offense if committed by an adult or the validity of a related order of disposition.

The section cited by the trial court provides simply that, "If a hearing is granted pursuant to R.C. 2953.21 of the Revised Code, the petitioner shall be permitted to attend the hearing…" Therefore, it appears that the trial court actually denied the Rule 60(B) motion based upon R.C. 2953.21(J) as an improper action used to challenge the conviction, which it is; thus the action was void. Rule 60(B) provides for a challenge to a civil action in the trial court, not a criminal action.

Petitioner timely appealed the denial on July 19, 1999. *Id.* at Exhibit 46, Case No. 99-CA-0227. In his brief, he presented the following assignments of error:

> A MISCARRIAGE OF JUSTICE OCCURRED BY THE TRIAL COURT WHEN IT DENIED THE CIV.R. 60(B) MOTION AND ALSO CITED R.C. 2953.21, ET SEQ,. PURSUANT TO THE FIRST, EIGHTH, AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 1, 2, &16 OF THE OHIO CONSTITUTION.

*Id.* at Exhibit 47. The State filed its brief on September 27, 1999. *Id.* at Exhibit 48. The Court of Appeals issued an opinion overruling the sole assignment of error and affirming the judgment of the trial court. *Id.* at Exhibit 49. On November 23, 1999, Petitioner filed a motion for reconsideration and a brief. *Id.* at Exhibit 50 and 51. The Court overruled the motion on December 6, 1999. *Id.* at Exhibit 52.

Petitioner appealed to the Ohio Supreme Court. *Id.* at Exhibit 53, Case No. 99-22835. The Ohio Supreme Court declined jurisdiction to hear the appeal and dismissed the appeal as not involving any substantial constitutional question. *Id.* at Exhibit 54.

### F.    **Sexual Predator Hearing**

On November 1, 2006, a hearing was held pursuant to S.B. 180 and Petitioner was classified as a Sexual Predator. *Id.* at Exhibit 55. Petitioner filed a notice of appeal from that ruling. *Id.* at Exhibit 56, Case No. 2006CA00349. In his brief, Petitioner presented the following assignments of error:

> 1. THE TRIAL COURT DIVESTED ITS CONSTITUTIONAL JURISDICTION OVER THE SUBJECT MATTER IN THE COURSE OF THE TRIAL NOT CONDUCTING AN IDENTIFICATION HEARING AS REQUIRED BY THE SIXTH, THIRTEENTH, AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION.

> 2. THE TRIAL COURT IN THE COURSE OF THE TRIAL LOST JURISDICTION OF THE SUBJECT MATTER IN RULING HEARSAY INTO THE TRIAL THAT IS EXCLUDED AS EVIDENCE BY THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION.

> 3. THE PRESUMPTION OF INNOCENCE AND GUILT BEYOND A REASONABLE DOUBT WAS NULLIFIED FROM BOILERPLATE VERDICT FORMS SUBMITTED TO THE JURY THAT WERE UNRESPONSIVE TO THE ISSUES AND DEFECTIVE IN SUBSTANCE OF THE OFFENSES REQUIRED BY THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION LEAVING THE VERDICT NULL AND VOID.

*Id.* at Exhibit 57. On May 29, 2007, the State filed its brief. *Id.* at Exhibit 59. Petitioner filed a reply brief. *Id.* at Exhibit 60. The Court issued a judgment entry on June 5, 2007, denying the State's motion to dismiss and ordering Petitioner to file an amended notice of appeal by June 14, 2007 comporting with App.R.3(D). *Id.* at Exhibit 61. On July 6, 2007, the Court of Appeals issued a judgment entry granting the State's motion to dismiss because Petitioner had failed to file the amended notice of appeal as previously ordered. *Id.* at Exhibit 62.

### G.    Motion to Dismiss

On November 10, 2011 and November 15, 2011, Petitioner filed in the trial court a document improperly titled "Motion to Dismiss" in his criminal case, 1995 CR0111, for the trial court's original lack of jurisdiction. Petitioner also filed an affidavit stating that he would not seek damages or liabilities as a result of his conviction if he were to be released. *Id.* at Exhibits 63 and 64. The trial court summarily denied the motion on November 16, 2011. *Id.* at Exhibit 65.

Petitioner appealed from the denial of his motion to dismiss. *Id.* at Exhibit 66, Case No. 2011CA276. In his brief, he presented the following assignments of error:

1. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT DENYING HIS MOTION TO DISMISS FOR WANT OF JURISDICTION SINCE THE PROSECUTION FAILED TO SHOW PROOF THAT ANY ELEMENT OF AN OFFENSE TOOK PLACE IN OHIO.

2. THE TRIAL COURT ERRED IN DENYING THE MOTION TO DISMISS FOR WANT OF JURISDICTION WHEN IT ADMITTED OUT-OF-COURT STATEMENTS INTO TRIAL CONTRARY TO THE CONFRONTATION CLAUSE BAR OF THE SIXTH AMENDMENT.

3. THE TRIAL COURT ERRED IN DENYING THE MOTION TO DISMISS FOR WANT OF JURISDICTION WHERE THE COURT CONTRARY TO THE COMMON-LAW AND THE SIXTH AMENDMENT ADMITTED A PRIOR OUT-OF-COURT IDENTIFICATION STATEMENT INTO TRIAL WITHOUT CONDUCTING A HEARING TO CROSS-EXAMINE THE DECLARANT.

4. THE TRIAL COURT ERRED IN DENYING A DISMISSAL FOR WANT OF JURISDICTION WHERE CONTRARY TO BOTH THE COMMON-LAW AND THE SIXTH AMENDMENT THE COURT PREVENTED APPELLANT FROM MEETING FACE-TO-FACE WITH THE WITNESS AGAINST HIM AT TRIAL IN VIOLATION OF HIS DUE PROCESS RIGHT TO A FAIR TRIAL.

5. THE TRIAL COURT ERRED IN DENYING THE MOTION TO DISMISS FOR WANT OF JURISDICTION WHEN THE WRONGFUL CONDUCT OF PROSECUTION DEPRIVED APPELLANT OF HIS SIXTH AND FOURTEENTH AMENDMENT RIGHT TO CROSS-EXAMINE THE WITNESS AGAINST HIM AT TRIAL.

6. THE TRIAL COURT ERRED IN DENYING THE MOTION TO DISMISS FOR WANT OF JURISDICTION WHERE THE EVIDENCE IS ILLEGALLY INSUFFICIENT TO SUSTAIN A CONVICTION OF GUILT BEYOND A REASONABLE DOUBT.

7. THE JUDGMENT OF CONVICTION IS CONTRARY TO LAW.

8. THE SENTENCE IMPOSED ON THE APPELLANT IS CONTRARY TO LAW AND VIOLATES THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT SENTENCE ENTRY.

*Id.* at Exhibit 67. The State filed its brief on May 29, 2012. *Id.* at Exhibit 68. Petitioner filed a reply brief. *Id.* at Exhibit 69. On September 17, 2012, the Court of Appeals issued an opinion finding that the motion to dismiss was a petition for post-conviction relief and that it was untimely and barred by *res judicata*, thereby denying each assignment of error and affirming the judgment of the trial court. *Id.* at Exhibit 70.

On October 17, 2012, Petitioner filed a timely *pro se* notice of appeal to the Ohio Supreme Court. *Id.* at Exhibit 71, Case No. 12-1762. In his brief, he presented the following propositions of law:

1. THE STATE MUST SHOW THAT ANY ELEMENT OF AN OFFENSE TOOK PLACE IN OHIO BEFORE A TRIAL COURT CAN OBTAIN SUBJECT MATTER JURISDICTION OVER THE CASE.

2. THE CONFRONTATION CLAUSE OF THE SIXTH AMENDMENT BARS THE ADMISSION OF TESTIMONIAL HEARSAY STATEMENTS WITHOUT PRIOR OPPORTUNITY TO CROSS-EXAMINE THE WITNESS AT TRIAL.

3. THE SIXTH AMENDMENT STANDS AS A JURISDICTIONAL BAR AGAINST THE ADMISSION OF A PRIOR OUT-OF-COURT IDENTIFICATION STATEMENT INTO TRIAL WITHOUT CONDUCTING A HEARING TO CROSS-EXAMINE THE DECLARANT.

4. THE SIXTH AMENDMENT GUARANTEES THE APPELLANT THE RIGHT TO MEET THE WITNESS FACE-TO-FACE AT TRIAL.

5. THE SIXTH AND FOURTEENTH AMENDMENT GUARANTEES THE RIGHT OF THE APPELLANT TO CROSS-EXAMINE THE WITNESS IN-CHIEF AT TRIAL.

6. THE TRIAL COURT IS WITHOUT JURISDICTION WHEN THE EVIDENCE IS ILLEGALLY INSUFFICIENT TO SUSTAIN A CONVICTION OF GUILT BEYOND A REASONABLE DOUBT.

7. THE JUDGMENT OF CONVICTION IS CONTRARY TO LAW.

-8-

8. THE SENTENCE IMPOSED ON THE APPELLANT IS CONTRARY TO LAW AND VIOLATES THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT.

*Id.* at Exhibit 72. The State filed a memorandum in response on November 16, 2012. *Id.* at Exhibit 73. On February 6, 2013, the Ohio Supreme Court declined to accept jurisdiction of the appeal pursuant to S.Ct.Prac. 7.08(B)(4). *Id.* at Exhibit 74.

**H.**     **Motion to re-sentence**

Petitioner filed three separate motions for re-sentencing based upon *State v. Lester*, 130 Ohio St.3d 303 and *State v. Miller*, 127 Ohio St.3d 407, filed on November 6, 2012, January 22, 2013 and January 28, 2013. *Id.* at Exhibits 75-77. The Court issued a judgment entry on January 30, 2013 summarily denying all three motions. *Id.* at Exhibit 78.

Petitioner filed an appeal from the denial of his motions to re-sentence. *Id.* at Exhibit 79, Case No.2012CA218. In his brief, he presented the following assignment of error:

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DISMISSED THE MOTION TO RE-SENTENCE.

*Id.* at Exhibit 80. The State filed its brief on March 25, 2013. *Id.* at Exhibit 81. On May 13, 2013, the Court of Appeals issued an opinion finding that Petitioner's sole assignment of error was barred by *res judicata*. *Id.* at Exhibit 82. On May 20, 2013, Petitioner filed an application for reconsideration of the May 13, 2013 opinion and judgment entry in Case No. 2012CA218. *Id.* at Exhibit 83. The State opposed the motion. *Id.* at Exhibit 84. Petitioner filed a reply brief. *Id.* at Exhibit 85. The application was denied on June 18, 2013. *Id.* at Exhibit 86.

Petitioner timely appealed the June 18, 2013 denial of his application for reconsideration to the Ohio Supreme Court on July 12, 2013. *Id.* at Exhibit 87, Case No. 13-1116. In his memorandum in support of jurisdiction he presented the following proposition of law:

1. A NUNC PRO TUNC ENTRY IMPOSING AN INDETERMINATE SENTENCE UPON A NOT GUILTY VERDICT IS INVALID AND NOT SUBJECT TO DISMISSAL ON RES JUDICATA GROUNDS THROUGH THE FOURTEENTH AMENDMENT.

*Id.* at Exhibit 88. On November 6, 2013, the Ohio Supreme Court declined to accept jurisdiction pursuant to S.Ct.Prac.R. 7.08(B)(4). *Id.* at Exhibit 89.

On May 24, 2013, Petitioner appealed the Court of Appeals decision of May 13, 2013 (the denial of Petitioner's motion to re-sentence, as opposed to the motion for reconsideration of the May 13, 2013 decision, which was previously appealed)) to the Ohio Supreme Court. *Id.* at Exhibit 90, Case No. 13-841. In his memorandum in support of jurisdiction, he presented the following proposition of law:

> USE OF FALSE STATEMENTS OF FACT TO CONFIRM A VOID SENTENCE IS PREJUDICIAL TO THE APPELLANT.

*Id.* at Exhibit 91. The State filed its brief on June 21, 2013. *Id.* at Exhibit 92. On September 25, 2013, the Ohio Supreme Court declined to accept jurisdiction of the appeal pursuant to S.Ct.Prac.R. 7.08(B)(4). *Id.* at Exhibit 93.

## I.     Delayed application to reopen

On August 29, 2012, nearly sixteen years after his conviction, Petitioner filed a *pro se* delayed application for reopening of his direct appeal. *Id.* at Exhibit 94, Case No. 95CA175. The application was denied on October 3, 2012, as untimely and barred by *res judicata*. *Id.* at Exhibit 95.

Petitioner appealed to the Ohio Supreme Court on November 1, 2012. *Id.* at Exhibit 96, Case No. 12-1851. In his memorandum in support of jurisdiction, he presented the following propositions of law:

> 1. THE QUESTION OF SUBJECT MATTER JURISDICTION IS SO BASIC THAT IT CAN BE RAISED AT ANY STAGE BEFORE THE APPELLATE COURT, OR EVEN IN SUBSEQUENT AND SEPARATE COLLATERAL PROCEEDINGS UNDER APPELLATE RULE 26(B).
>
> 2. THE COURT PROCEEDS WITHOUT SUBJECT MATTER JURISDICITON WHERE NO ELEMENT OF AN OFFENSE OCCURS IN OHIO.
>
> 3. THE CONFRONTATION CLAUSE OF THE SIXTH AMENDMENT BARS THE ADMISSION OF TESTIMONIAL HEARSAY STATEMENTS WITHOUT PRIOR OPPORTUNITY TO CROSS-EXAMINE THE WITNESS AT TRIAL.
>
> 4. THE SIXTH AMENDMENT STANDS AS A JURISDICTIONAL BAR AGAINST THE ADMISSION OF PRIOR OUT-OF-COURT IDENTIFICATION STATEMENT INTO TRIAL WITHOUT CONDUCTING A HEARING TO CROSS-EXAMINE THE DECLARANT.
>
> 5. THE JUDGMENT OF CONVICTION IS CONTRARY TO LAW.

6. THE DEFENDANT WAS PREJUDICIALLY DEPRIVED OF HIS SIXTH AMENDMENT RIGHT TO ASSISTANCE OF TRIAL COUNSEL.

*Id.* at Exhibit 97. On January 23, 2013, the Ohio Supreme Court issued an entry declining to accept jurisdiction of the appeal pursuant to S.Ct.Prac.R. 7.08(B)(4).  *Id.* at Exhibit 98.

## II.  FEDERAL HABEAS CORPUS PETITION

Petitioner is now before this Court, on a petition filed on November 20, 2013, seeking a writ of habeas corpus pursuant to 28 U.S.C. Section 2254. He asserts the following grounds for relief:

**GROUND ONE: THE TRIAL COURT PREJUDICIALLY DEPRIVED THE PETITIONER OF HIS ACTUAL INNOCENCE AND FOURTEENTH AMENDMENT DUE PROCESS RIGHTS PURPORTING THE PETITIONER IS GUILTY OF COUNT ONE AND ACQUITTED OF COUNT TWO THROUGH A NUNC PRO TUNC NOT RECORDED IN THE ORIGINAL JUDICIAL ACTION, AND THE COURT EXCEEDS ITS POWER IN ENTERING A PURPORTED NUNC PRO TUNC JUDGMENT OR ORDER, SUCH JUDGMENT OR ORDER IS VOID.**

**GROUND TWO: THE TRIAL COURT PREJUDICIALLY DEPRIVED THE PETITIONER OF HIS ACTUAL INNOCENCE AND FOURTEENTH AMENDMENT DUE PROCESS RIGHTS IMPOSING A SENTENCE UPON HIM FOR A CRIME HE DID NOT COMMIT.**

**GROUND THREE: THE TRIAL COURT PREJUDICIALLY DEPRIVED THE PETITIONER OF HIS ACTUAL INNOCENCE AND SIXTH AMENDMENT BAR AGAINST USING HEARSAY TO OBTAIN THE CONVICTION THAT NO JUROR WOULD HAVE CONVICTED EXCEPT FOR THE HEARSAY IN TRIAL.**

**GROUND FOUR: THE TRIAL COURT PREJUDICIALLY DEPRIVED THE PETITIONER OF HIS ACTUAL INNOCENCE WHEN NO OFFENSE OR ANY ELEMENT OF AN OFFENSE TOOK PLACE IN OHIO FOR THE TRIAL COURT TO OBTAIN SUBJECT MATTER JURISDICTION UNDER THE LAWS OF THE STATE.**

**GROUND FIVE: THE PETITIONER HAS BEEN PREJUDICIALLY DEPRIVED OF HIS ACTUAL INNOCENCE AND FOURTEENTH AMENDMENT DUE PROCESS RIGHTS WITH HIS CONVICTION ON INSUFFICIENT EVIDENCE TO PROVE EVERY ELEMENT OF THE CRIMES BEYOND A REASONABLE DOUBT.**

**GROUND SIX: THE PETITIONER HAS BEEN PREJUDICIALLY DEPRIVED OF HIS ACTUAL INNOCENCE AND SIXTH AMENDMENT RIGHT TO ASSISTANCE OF COUNSEL IN ALL CRITICAL STAGES OF THE CRIMINAL PROSECUTION.**

**GROUND SEVEN: THE TRIAL COURT PREJUDICIALLY DEPRIVED THE PETITIONER OF HIS ACTUAL INNOCENCE AND THE SIXTH AMENDMENT BAR AGAINST ADMITTING PRETRIAL HEARSAY IDENTIFICATION STATEMENTS WITHOUT CONDUCTING A HEARING**

**TO CROSS-EXAMINE THE DECLARANT CONCERNING THEIR PRETRIAL IDENTIFICATION STATEMENT.**

**GROND EIGHT: THE TRIAL COURT PREJUDICIALLY DEPRIVED THE PETITIONER OF HIS ACTUAL INNOCENCE AND SIXTH AMENDMENT RIGHT TO CROSS-EXAMINE THE ACCUSING WITNESS, AND NO JUROR WOULD HAVE CONVICTED HAD THE ACCUSING WITNESS BEEN CROSS-EXAMINED IN TRIAL.**

**GROUND NINE: THE TRIAL COURT PREJUDICIALLY DEPRIVED THE PETITIONER OF HIS ACTUAL INNOCENCE AND SIXTH AMENDMENT RIGHT TO PHYSICALLY FACE THE ACCUSING WITNESS IN TRIAL.**

ECF Dkt. #1.

## III.    PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a writ of federal habeas corpus.  As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim."  532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

Respondent contends that the instant petition is time-barred and should be dismissed.  In general, a state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 must comply with the statute of limitations period set forth in 28 U.S.C. § 2244, which provides:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(d)(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The statute of limitations is tolled for any period of time in which a properly filed petition for post-conviction relief is pending before the state courts. *Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003); *see* 28 U.S.C. §2244(d)(2). To determine if a state proceeding will toll the statute of limitations, the Sixth Circuit has held that:

> A state petition for post-conviction or other collateral review that does not address one or more of the grounds of the federal habeas petition in question is not a review 'with respect to the pertinent judgment or claim' within the meaning of 28 U.S.C. § 2244(d)(2), and therefore does not toll the one-year AEDPA statute of limitations.

*Austin v. Mitchell*, 200 F.3d 391, 395 (6th Cir. 1999). Further, the "tolling provision does not ... 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

The one-year statute of limitations under Section 2244 is subject to equitable tolling when a petitioner's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the petitioner's control. *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000). The Sixth Circuit has stated that "federal courts sparingly bestow equitable tolling." *Graham-Humphreys*, 209 F.3d at 560-61; *Jurado*, 337 F.3d at 642. When determining whether equitable tolling is appropriate, the court must consider: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing [her] claim." *Dunlap*, 250 F.3d at 1008; *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002). These factors are not comprehensive and not all of the factors are relevant in all cases. *Cook*, 295 F.3d at 521. Whether equitable tolling is appropriate is a case-by-case analysis. *Id.* "Absence of prejudice is a factor to be considered only after a factor that might justify tolling is identified." *Allen v. Yukins*, 366 F.3d 396, 401-02, 404 (6th Cir. 2004). The petitioner bears the ultimate burden of persuading the court that he is entitled to equitable tolling. *Vroman*, 346 F.3d at 605.

## IV.    ANALYSIS

### A.    AEDPA STATUTE OF LIMITATIONS

Respondent correctly argues that Petitioner's conviction became final under Section 2244(d)(1)(A) on July 18, 1996, forty-five days after the Fifth District Court of Appeals rendered the decision in the direct appeal on June 3, 1996, because Petitioner failed to file a timely appeal to the Ohio Supreme Court. *Griffin v. Kentucky*, 479 U.S. 314, 321, n. 6; *Marcum v. Lazaroff*, 301 F.3d 480, 481 (6th Cir. 2002). Petitioner then had one year from that date, or until July 18, 1997, barring any tolling of the statute of limitations, in which to file his habeas petition.

Petitioner did not properly file any actions before July 18, 1997 that served to toll the one-year statutory period.  He filed a state court post-conviction action on February 24, 1997, prior to the expiration of the one year period, that is, a motion to vacate his sentence that the state courts treated as a post-conviction action. However, that action was ultimately dismissed as untimely. The trial court and the Fifth District concluded that the motion had not been filed prior to the expiration of the state law period for filing such an action.

An application for state post-conviction relief tolls the statute of limitations only when it is "properly filed," 28 U.S.C. § 2244(d) (2), or "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings, *e.g.*, requirements concerning ... applicable time limits upon its delivery." *Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir.2001). Because the state court rejected the petition as untimely, "it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005).[5]

Of course, Petitioner did attempt to file a delayed appeal of his original direct appeal. He filed a *pro se* notice of appeal and motion for delayed appeal to the Ohio Supreme Court on March 18, 1999. However, on May 12, 1999, the Ohio Supreme Court denied the motion for delayed appeal and the appeal was dismissed.

In *Jimenez v. Quarterman*, 555 U.S. 113, 129 S.Ct. 681, 172 L.Ed.2d 475 (2009), the petitioner was granted leave to file an out-of-time appeal by the state court, but the state court

---

[5]Even if the entire post-conviction action had been timely, this action would not save the petition from being time-barred. The trial court action and the subsequent remand and further appeals ended on January 20, 1999, when the Ohio Supreme Court denied review. Petitioner did not file his federal habeas corpus petition until November 20, 2013.

ultimately affirmed the decision of the lower court. *Id.* at 116. Jimenez then filed a federal habeas petition, which was dismissed by the district court as untimely under section 2244(d)(1)(A), due to his failure to file his state court appeal within the AEDPA's one-year statute of limitations. *Id.* at 116-18.

However, the United States Supreme Court found that Jimenez's direct review became final when his delayed appeal was resolved and the time for seeking certiorari review in the Supreme Court expired, not when his original appeal was dismissed by the state courts. The Supreme Court reasoned that the order granting the out-of-time appeal restored the pendency of the direct appeal. *Id.* at 120-21. The *Jimenez* Court stressed that its holding was a "narrow one" and emphasized that it applied only "where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief." *Id.* at 121.

The instant case is clearly distinguishable from *Jimenez* because, here, the Ohio Supreme Court denied Petitioner's motion for delayed appeal. Because Petitioner was not permitted to reopen his appeal, the statute of limitations period was not reset, as it was in *Jimenez*. See *Ashcraft v. Warden, Lebanon Correctional Inst.*, 2014 WL 2532334 at *4 (S.D.Ohio June 5, 2014) (noting that "it is well-settled that unsuccessful motions for leave to file a delayed appeal, such as the one filed by petitioner in this case, do not restart the running of the statute under § 2244(d)(1)(A), but rather only can serve to toll an unexpired limitations period under § 2244(d)(2)"); *Black v. Warden, Lebanon Correctional Inst.*, 2013 WL 3811774 at *5 (S.D.Ohio July 19, 2013); *Taher v. Warden, Warren Correctional Inst.*, 2013 WL 485789 at *6 (S.D.Ohio Feb.6, 2013).

The AEDPA one-year statute of limitations in this case expired on July 18, 1997. The state post-conviction petition was not timely filed, and, as a consequence, did not toll the running of the limitations period. Likewise, because the Ohio Supreme Court denied Petitioner's motion to file a delayed appeal, that motion did not reset the limitations clock. Accordingly, the undersigned recommends that the Court find that the petition in this case is untimely.

### B.  EQUITABLE TOLLING

The United States Supreme Court has held that the AEDPA statute of limitations is "subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010). Equitable tolling allows a federal habeas court to review a time-barred habeas petition

"provided that 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.' " *Robinson v. Easterling*, 424 F. App'x 439, 442 (6th Cir.), *cert. denied,* __U.S. __, 132 S.Ct. 456, 181 L.Ed.2d 297 (2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir.2010)).  In order to be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Holland*, 130 S.Ct. at 2562, quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005).  A petitioner must show that he exercised reasonable diligence in pursuing his rights, not maximum diligence. *Holland*, 130 S.Ct. at 2565. Here, Petitioner has offered no argument in favor of equitable tolling. Accordingly, the undersigned recommends that the Court find that Petitioner failed to establish that he is entitled to equitable tolling.

<u>C</u>.  **ACTUAL INNOCENCE**

The Sixth Circuit Court of Appeals has also held that the Constitution requires an actual innocence exception to AEDPA's statute of limitations. *Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005).  But "actual innocence means factual innocence, not mere legal insufficiency." *Id.* at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)). Normally, in order to obtain collateral review of a defaulted claim upon a showing of actual innocence, a petitioner must establish that he is not only actually innocent of the charge which he seeks to attack, he must also demonstrate that he is actually innocent of all other more serious charges which the government had foregone during the plea bargaining process. *See Bousley* at 1611-12; *Luster v. United States*, 168 F.3d 913, 915 (6th Cir.1999).

To succeed on this theory, Petitioner must show that "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).  Petitioner must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Id.* at 324.  The United States Supreme Court has cautioned that the actual innocence exception should "remain rare" and should "only be applied in the "extraordinary case." *Id.* at 321.

Here, Petitioner has offered no argument or evidence in support of an argument that he is actually innocent of the offenses for which he was convicted.[6] For this reason, the undersigned recommends that the Court find that the actual innocence exception does not apply to allow consideration of Petitioner's federal habeas corpus petition despite his untimely filing.

**V.      CONCLUSION**

For the foregoing reasons, the undersigned recommends that the Court find that Petitioner's instant federal habeas corpus petition is untimely filed.  The undersigned further recommends that the Court should grant Respondent's  Motion to Dismiss the petition as time barred, ECF Dkt. #8, and dismiss the petition, in its entirety, with prejudice.

Date: January 29, 2015                          */s/George J. Limbert*
                                                GEORGE J. LIMBERT
                                                UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice.  Fed. R. Civ. P. 72; L.R. 72.3.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

---

[6]Petitioner advances an "actual innocence" argument predicated upon a misreading of the *nunc pro tunc* sentencing order.  He argues in his opposition brief, ECF Dkt. #14, that he was actually innocent of the first count of rape, and that the "record totally lacks evidence of the jury acquitted [sic] on the second count." *Id.* at 9. The *nunc pro tunc* order, like the original sentencing entry, refers to Petitioner's rape convictions as "Rape, 2 Cts." – which refers to the number of rape counts (two counts of rape) for which he was convicted, not the Count number in the Indictment (Count Two). See ECF Dkt. #8-1 at Exhibits 14-16.  In fact, the *nunc pro tunc* order was issued to remove the reference to the endangering children charge, which was not before the jury.  See *id.* at Exhibit 15. It is clear from the Judgment Entry filed on May 2, 1995 that Petitioner was acquitted of the rape charge in Count One of the Indictment.  See *id.* at Exhibit 13. Therefore,  the sentences imposed on the two rape convictions relate to Counts Two and Three in the Indictment.