UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Douglas E. Haddix,                                  Case No. 5:13-cv-2573

        Petitioner

v.                                                  ORDER

Christopher LaRose,

        Respondent

     Before me is the Report and Recommendation of Magistrate Judge George J. Limbert recommending dismissal of Petitioner Douglas Haddix's action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 16; Doc. No. 1). Magistrate Judge Limbert recommended I dismiss Haddix's petition as untimely. Haddix filed objections to Magistrate Judge Limbert's Report and Recommendation. (Doc. No. 18).[1] I overrule Haddix's objections, adopt the Report and Recommendation, and dismiss Haddix's petition.

     Magistrate Judge Limbert recommended I dismiss Haddix's petition because Haddix did not file it within the limitations period set forth in 28 U.S.C. § 2244(d) and Haddix failed to show the equitable-tolling or actual-innocence exceptions applied to toll the limitations period. (Doc. No. 16 at 14-17). Haddix claims (1) he is entitled to equitable tolling of the § 2244(d) limitations period based on an Ohio Fifth District Court of Appeals decision issued on May 13, 2013; (2) he has presented evidence of actual innocence; and (3) he is entitled to equitable tolling due to the ineffective assistance of appellate counsel. (Doc. No. 18-1).

---

[1] Haddix's objections initially were filed in non-sequential order. The Clerk of Court refiled Haddix's submission on May 27, 2015, to follow the appropriate pagination. (Doc. No. 18-1).

Haddix claims the Fifth District's May 13, 2013 opinion "validates [his] right to statutory tolling of 28 U.S.C. [§] 2244(d)(1)(D) [sic]." (Doc. No. 18-1 at 2). A habeas petitioner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Haddix cannot satisfy either portion of this test, as he offers no explanation for the extensive delay in filing his habeas petition. Further, Haddix misconstrues footnote six in the Report and Recommendation, as well as the Fifth District's opinion. The Magistrate Judge correctly summarized the Fifth District's holding that:

> the sole purpose of the nunc pro tunc entry was to correctly state that Haddix's original conviction was based on a jury verdict and the jury found him not guilty of one of the counts, a fact that was obvious to the court and all the parties. It is apparent, then, that the nunc pro tunc entry merely corrected a clerical omission in the resentencing order and made the entry reflect what had already happened, which was Haddix's conviction by jury verdict and sentence upon the counts that he jury had found him guilty. The trial court's addition indicating the removal of a sentence upon the count that the jury found Haddix not guilty affected only the form of the entry and made no substantive changes.

*State of Ohio v. Haddix*, 2013-Ohio-1974, at *3 (Ohio Ct. App. May 13, 2013). Haddix's first objection is overruled.

"The 'fundamental miscarriage of justice' gateway is open to a petitioner who submits new evidence showing that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Williams v. Bagley*, 380 F.3d 932, 973 (6th Cir. 2004) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Evidence of actual innocence provides a "gateway" through which a petitioner may avoid the consequences of the expiration of the statute of limitations. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). Haddix, however, does not offer any new evidence. In support of his objection, Haddix points only to a newspaper article from February 11, 1995, in which the mother of the victim purported to recant her earlier claim that Haddix assaulted the victim, and the Stark County Common Pleas Court order granting the State of Ohio's motion to introduce out-of-court statements made by a child declarant. (*See* Doc. No. 18-1 at 2-3; Doc. No.

14-3; Doc. No. 14-10).  Haddix plainly had reason to know both of these things prior to his trial, and fails to explain how these documents meet the actual-innocence standard.  Haddix's second objection is overruled.

Finally, Haddix argues he is entitled to equitable tolling of the limitations period because his appellate counsel was ineffective.  (Doc. No. 18-1 at 4-5).  Haddix's arguments are predicated on the timeliness of state court filings from the late 1990s and fail to identify any basis for excusing his failure to file his habeas petition before November 20, 2013.  Haddix's third objection is overruled.

Following review of the Magistrate Judge's Report and Recommendation, I adopt the Report and Recommendation in its entirety as the Order of the Court.  Haddix's petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 is dismissed.  I also conclude Haddix fails to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253 and decline to issue a certificate of appealability.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge